**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| IN RE THE TJX COMPANIES, INC. FAIR AND ACCURATE TRANSACTIONS ACT (FACTA) LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 1853<br><br>Civ. No. 07-md-1853-KHV |
| (This Document Relates to All Cases) | | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the Joint Motion of the Parties, including all plaintiffs in the above-captioned action ("Plaintiffs") and all defendants in the above-captioned action ("Defendants"), and pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED that this Stipulated Protective Order shall apply to all actions that have been consolidated as, or may be consolidated in, *In re The TJX Companies, Inc. Fair and Accurate Transactions Act (FACTA) Litigation*, Civ. No. 07-md-1853-KHV (collectively referred to herein as "the Actions"):

1.	Basis for Order.  The subject matter of the Actions concerns alleged violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g), which contains requirements concerning the information printed on credit and debit card receipts provided to consumers.  The parties anticipate that discovery in this litigation will involve documents, information or other materials which may contain or reference confidential credit and debit card information of persons who purchased goods from Defendants.  Further, the parties specifically anticipate that discovery in this matter will seek information regarding non-public, confidential business relationships with credit and debit card processors and vendors of point-of-sale software and terminals, along with confidential and proprietary information relating to the processing of credit and debit card information.

2.      Scope of Order.  This Order shall govern all discovery materials produced or disclosed by all Plaintiffs and Defendants (collectively, the "Parties") during the Actions, including the following: documents, data and information, including that which is electronically stored, initial disclosures, answers to interrogatories, depositions, deposition exhibits, deposition transcripts and video tapes, responses to requests for admission, affidavits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, or otherwise.  This Order is not binding on court personnel or members of the jury.

3.      Classification of "Confidential" and "Highly Confidential" Material.  Material designated for protection under this Order ("Protected Material") shall be categorized by the Producing Party into one of the following classifications:  (a) CONFIDENTIAL or (b) HIGHLY CONFIDENTIAL.  The "CONFIDENTIAL" designation shall be appropriately applied to any document or information that the Producing Party determines, reasonably and in good faith, to constitute confidential research, development, technical, financial, commercial or personal information.  For example, any information, documents, and things may be designated as CONFIDENTIAL if they relate to (i) the processes and systems for processing credit and debit card information; (ii) proprietary point-of-sale software systems and terminals; (iii) computer network structures, access and security relating to the processing of credit or debit card information; or (iv) Defendants' relationships and communications with third-party credit and debit card processors and vendors of point-of-sale software and terminals.  The "HIGHLY CONFIDENTIAL" designation shall be used for non-public information that the Producing Party determines, reasonably and in good faith, to constitute highly sensitive personal, financial or business information.  Such "HIGHLY CONFIDENTIAL" information shall be limited to (i) information that the Producing Party is under a preexisting obligation to a third party to treat as

confidential; and (ii) individually identifiable information from or about a consumer including: (a) Social Security number; (b) credit or debit card information, including card number, expiration date, and data stored on the magnetic strip of a credit or debit card; or (c) a driver's license, military, or state identification number, or the like.

4. <u>Designation of Material</u>.  To designate and categorize information contained in discovery material that is produced in written form as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party shall stamp "Confidential" or "Highly Confidential" on each page of such discovery material.  The designation and classification of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

5. <u>Disclosure of "Confidential" Material</u>.  Protected Material designated and categorized as "CONFIDENTIAL" may be disclosed only to the following persons, except upon the prior written consent of the Producing Party or as otherwise expressly provided in this Protective Order:

>  (a) Counsel for the Parties in the Actions and in-house counsel of the Parties, authorized staff of such counsel who are necessary to assist in the conduct of the Actions, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials.
>
>  (b) Named plaintiffs in the Actions who, prior to disclosure, execute the CONFIDENTIALITY UNDERTAKING annexed hereto.
>
>  (c) Corporate representatives of the Parties in the Actions who execute the CONFIDENTIALITY UNDERTAKING annexed hereto.

(d) Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in the Actions, to the extent necessary for the conduct of the Actions, provided any such individual is first advised of and agrees to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING annexed hereto.

(e) Any witness during the course of depositions in the Actions or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING annexed hereto.

(f) Any current employee of any author, sender or recipient of any CONFIDENTIAL document.

(g) Any stenographer and/or videographer who prepare an official record or transcription of depositions or other testimony in the Actions.

(h) The Court and its staff, any Special Master appointed by the Court and his/her staff, and any mediators and their staff agreed to by the Parties.

6. <u>Disclosure of "Highly Confidential" Material</u>.  Protected Material designated and categorized as "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons, except upon the prior written consent of the Producing Party or as otherwise expressly provided in this Protective Order:

(a) Counsel for the Parties in the Actions and in-house counsel of the Parties, authorized staff of such counsel who are necessary to assist in the conduct of the

Actions, and outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials.

(b) Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in the Actions, to the extent necessary for the conduct of the Actions, provided any such individual is first advised of and agrees to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING annexed hereto.

(c) Any witness during the course of depositions in the Actions or oral or written examinations, provided such witness is first advised of and agrees on the record to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING attached hereto, and provided further that Plaintiffs have a good faith belief that, or need to know whether, any such person likely had knowledge related to the confidential information contained therein and provided that such document or information is not left in the possession of the deponent.

(d) Any stenographer and/or videographer who prepare an official record or transcription of depositions or other testimony in the Actions.

(e) The Court and its staff, any Special Master appointed by the Court and his/her staff, and any mediators and their staff agreed to by the Parties.

7. <u>Disclosure and Use of Protected Material</u>.  Nothing contained in this Order shall preclude a Producing Party from using its own Protected Material in any manner it sees fit, or from revealing such Protected Material to whomever it chooses without impairing the

confidentiality obligations imposed on other parties. Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. During deposition or trial testimony, counsel may disclose documents produced by any Producing Party to current employees and officers of such Producing Party.

8. <u>Use of Produced Material</u>. All material produced in the Actions shall only be used in connection with the preparation, trial and appeal, if any, of the Actions. No material produced shall be disclosed to any other person or entity or used for any other purpose or use, unless otherwise agreed to beforehand in writing by the Parties or if the Court so orders.

9. <u>Effect of Designation</u>. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Actions. Nothing herein shall constitute a waiver of any claim or privilege or other protection from discovery, and the Parties expressly reserve all rights they may have pursuant to Fed. R. Civ. P. 26(b)(5). Nothing herein shall be construed as an admission or recognition that materials so designated are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," but only that the Parties agree to comply with the terms of this Order.

10. <u>Failure to Designate</u>. If a Producing Party determines that it has inadvertently failed to designate documents or materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," it may do so by giving written notice to counsel for Defendants and Plaintiffs' Counsel of the new designation as being either "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material. All Parties who are in possession of such after-

production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 5 and/or 6 hereof shall promptly return all known copies of any such documents to the Producing Party.  Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production.  After the return of the documents, the designation may be challenged by the returning Party pursuant to Paragraph 12, which challenge shall be made without regard to the fact that any such document has been re-designated or produced without first being designated.

11. <u>Filings under Seal</u>.  Filings with the Court containing Protected Material shall be submitted to the Court consistent with Local Rule 5.4.6, which requires that the filing Party must first file a motion with the court and be granted leave to file the particular document under seal.

12. <u>Objections to Designations</u>.  If one of the Parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party must specify, in writing, to the Producing Party: (a) the document or information at issue; and (b) the grounds for questioning the confidentiality designation.  This writing shall also be served on all counsel of record in this case.  The Party questioning the designation and the Producing Party must then meet and confer in good faith to attempt to resolve the designation without the Court's intervention.  Upon written notice to the Producing Party (copied to all counsel) that the disagreement with respect to the designation cannot be resolved informally, the Producing Party has ten days – computed consistent with Rule 6 of the Federal Rules of Civil Procedure – plus such additional time as (a) is reasonable taking into account the number of documents or other information at issue and (b) is agreed to by counsel or is ordered by the Court – to move the Court for a protective order declaring that the documents

or information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Until the Court rules, the designation shall remain in effect. Nothing in this paragraph shall be construed as changing any burden of proof established by federal law and/or set forth in the Federal Rules of Civil Procedure. Also, a party is not obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

13. <u>Depositions</u>. In order to facilitate the designation of deposition materials, deposition transcripts and exhibits shall presumptively be considered to have been designated "HIGHLY CONFIDENTIAL" for a period of ten calendar days (10) following service of the final transcript. The party making later designations must advise counsel for the parties and the court reporter in writing (including e-mail) of such designations and any changes to the original designations. The party shall request that the court reporter mark the face of the transcript appropriately. Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the party shall request that the court reporter mark the face of the transcript appropriately in that event.

14. <u>Post-Litigation</u>. Within sixty (60) days of the date on which a final judgment, dismissal, or other full and final resolution of this case becomes final and non-appealable, either because all appeals have been exhausted or all time for filing appeals has passed, the Parties and their counsel shall return or destroy all copies of any Protected Material received by the Parties or non-parties or the counsel of either of the foregoing and shall provide written notice to each Producing Party that such return or destruction has occurred. Notwithstanding the foregoing obligation to return or destroy Protected Material, counsel for a Party may keep Protected Material that was used as an exhibit to or is contained in discovery responses, pleadings, affidavits, deposition transcripts, or testimony created during this litigation, although such

Protected Material shall be kept in a manner which preserves the confidentiality of such documents or information.  Following the termination of this litigation, a Party may file a motion to reopen the case to enforce the provisions of this Order.

15. <u>Treatment of Designated Documents or Information at Trial</u>.  In preparation for the final pre-trial conference herein, the parties agree to confer in good faith as to the confidential or non-confidential treatment, at trial, of any document or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL hereunder, which shall in any event be subject to determination by the Court.

IT IS SO ORDERED:

Dated this 19th day of February, 2008.

                                                                         /s/<u>David J. Waxse</u>
                                                                         David J. Waxse
                                                                         United States Magistrate Judge

| *Plaintiffs' Lead Counsel* | *Counsel for Defendants Marshalls of MA, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and The TJX Companies, Inc.* |
|---|---|
| /s/ Douglas A. Linde | /s/ Mark P. Szpak |
| Douglas A. Linde | Harvey J. Wolkoff (Massachusetts Bar # 532880) |
| Chant Yedalian | |
| THE LINDE LAW FIRM | Mark P. Szpak (Massachusetts Bar # 546261) |
| 9000 Sunset Boulevard | Ethan V. Torrey (Massachusetts Bar #644020) |
| Suite 1025 | Anne E. Johnson (Massachusetts Bar #666361) |
| Los Angeles, CA 90069 | Attorneys for Defendants |
| 310-203-9333 | ROPES & GRAY, LLP |
| 310-203-9233 (fax) | One International Place |
| Email: dal@lindelaw.net | Boston, Massachusetts 02110-2624 |
| cy@lindelaw.net | Phone: (617) 951-7000 |
| | Fax: (617) 951-7050 |
| | Email: Harvey.Wolkoff@ropesgray.com |
| | Mark.Szpak@ropesgray.com |
| | Ethan.Torrey@ropesgray.com |
| | Anne.Johnson@ropesgray.com |
| *Plaintiffs' Liaison Counsel* | |
| Joseph A. Kronawitter | Gregory T. Wolf |
| HORN, AYLWARD & BANDY LLC | Christopher J. Aikin |
| 2600 Grand Avenue, Suite 1100 | SHOOK, HARDY, & BACON LLP |
| Kansas City, MO 64108 | 2555 Grand Blvd. |
| 816-421-0700 | Kansas City, Missouri 64108 |
| 816-421-0899 (fax) | Phone: (816) 474-6550 |
| Email: jkronawitter@hab-law.com | Fax: (816) 421-5547 |
| | Email: gtwolf@shb.com |
| | caikin@shb.com |

10883934_5.DOC

**Exhibit A**

### AGREEMENT CONCERNING MATERIAL COVERED BY A STIPULATED PROTECTIVE ORDER IN TJX RETAIL FACTA LITIGATION

### ("CONFIDENTIALITY UNDERTAKING")

I, the undersigned, hereby acknowledge that I have read the attached Stipulated Protective Order and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive "Confidential" information or "Highly Confidential" information pursuant to the terms of said Protective Order, any document or any information designated as "Confidential" information or "Highly Confidential" information or any copies or extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the above-mentioned cases solely for the purposes of this case and for no other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the United States District Court for the District of Kansas for the purposes of enforcing said Protective Order:

Date: _____         Signature: _____
                                                                                  Type or print name: