IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: THE TJX COMPANIES, INC., FAIR )
AND ACCURATE CREDIT TRANSACTIONS )
ACT (FACTA) LITIGATION )
) MDL No: 1853
(This Document Relates to All Cases) )
) Case No: 07-md-1853-KHV
_____)

## MEMORANDUM AND ORDER

Under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), plaintiffs bring this putative class action against The TJX Companies, Inc. and several of its subsidiaries. This matter comes before the Court on Plaintiffs' Rule 72.1.1(a) Motion To Review The Magistrate Judge's Order Of March 4, 2008, And To Set Aside The Same (Doc. #42) and plaintiffs' Motion To Stay Magistrate's Order Pending Review (Doc. #43), both filed March 11, 2008. For reasons stated below, the Court overrules the motions.[1]

## Background

This multi-district litigation consolidates for pretrial proceedings nine separate cases from around the country.[2] In its original scheduling order, the Court set a deadline of March 11, 2008 for the parties to complete discovery on class certification issues. See Scheduling Order (Doc. #18) filed January 14, 2008 at 4. On February 26, 2008, after a telephone conference with the attorneys, Magistrate Judge David J. Waxse ordered that "[p]laintiffs' depositions should be taken in Kansas

---

[1] The parties ask for oral argument on the motions. Oral argument is granted at the discretion of the Court. D. Kan. Rule 7.2. Here, the Court does not believe that oral argument will materially assist in the disposition of the motions. Accordingly, the parties' request is overruled.

[2] Respectively, the representative plaintiffs have two cases each in the United States District Court for the Central District of California and the Northern District of Illinois, and one case each in the District of Kansas, the District of Nevada, the District of Rhode Island, the Southern District of Florida and the Northern District of Ohio.

City with travel costs to be shared equally by [p]laintiffs and [d]efendants." Minute Order (Doc. #33). On February 28, 2008, plaintiffs moved to quash defendants' amended notice of depositions which required plaintiffs to appear in Kansas City, Missouri for depositions on March 5-7, 2008, and requested that Judge Waxse reconsider his previous order of February 26, 2008. See Plaintiffs' Joint Motion For Protective Order, And For Reconsideration Of February 26, 2008 Order (Doc. #34). On March 4, 2008, Judge Waxse extended the class certification discovery deadline from March 11 to March 21, 2008, but otherwise overruled plaintiffs' motion to quash and for reconsideration. See Minute Order (Doc. #39). Specifically, Judge Waxse found that "the goal of 'just, speedy and inexpensive determination of every action' can best be met by individual witnesses traveling to Kansas City for their depositions with the travel costs to be shared equally by the parties instead of groups of attorneys traveling to various locations around the country." Id. Plaintiffs seek review of that order. Plaintiffs also request that the Court stay the effectiveness of that order pending its review.

**Analysis**

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review, but applies a more deferential standard which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge's order unless the entire record leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI

Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules order only for clear abuse of discretion).

Plaintiffs argue that Judge Waxse clearly erred by ordering that they be deposed in Kansas City because that decision imposes a severe and undue burden on them. Generally, courts enjoy broad discretion to control and place appropriate limits on discovery. Kutilek v. Gannon, 132 F.R.D. 296, 297 (D. Kan. 1990). In matters of complex litigation, "[t]he Federal Rules of Civil Procedure, along with the court's inherent power, provide ample authority for early and ongoing control of discovery." Manual for Complex Litigation (Fourth) § 11.41 (2004). With regard to depositions, the Court should strive to "accomplish the objectives of the discovery plan while minimizing travel and other expense, and reasonably accommodating parties, counsel, and witnesses." Id. § 11.454.

The basis of plaintiffs' objection is that other deposition methods would be less costly. Specifically, plaintiffs suggest that defendants' attorneys could (1) "do a circuit of the country," deposing each plaintiff in his or her respective forum,[3] or (2) conduct remote depositions (i.e. by teleconference or video conference). With regard to the first alternative, plaintiffs describe a scenario in which "one or two counsel travel in a manageable circuit around the country." Considering the magnitude of the litigation and the diverse group of attorneys appearing for defendants, the Court highly doubts that the traveling entourage would be so limited. This alternative also does not consider the possibility that attorneys for each respective plaintiff might wish to appear at these depositions. In that case, total travel costs would grow quickly as plaintiffs' attorneys joined

---

[3] As a modification of this alternative, plaintiffs suggest that substitute counsel from defendants' attorneys' regional offices conduct the depositions nearest to them so as to further reduce travel costs. Plaintiffs provide no good reason why attorneys with no experience in the case should be required to depose critical witnesses. Moreover, for reasons explained below, this suggestion would not necessarily promote overall cost-effectiveness.

defendants' attorneys on their nationwide tour. Given these possibilities, the Court finds no clear error in Judge Waxse's conclusion that focusing the depositions in Kansas City with costs to be shared equally is superior to "groups of attorneys traveling to various locations around the country."

With regard to remote depositions, Rule 30(b)(4), Fed. R. Civ. P., provides that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." Nothing in the Federal Rules of Civil Procedure requires the Court to order such depositions. The only ostensible advantage to remote depositions is cost savings.[4] While the Manual for Complex Litigation recognizes that remote depositions may reduce travel costs, it also hints at potential problems arising from such depositions. See Manual for Complex Litigation (Fourth) § 11.452 (2004) ("To ensure that deponents are not coached, ground rules should specify who may be present with the deponent during the examination."). Defendants argued to Judge Waxse that they preferred face-to-face depositions because plaintiffs seek billions of dollars in damages and face-to-face depositions are "necessary to probe . . . [p]laintiffs' adequacy as class representatives and whether [p]laintiffs' purchases were 'consumer' transactions." While defendants may have overstated the utility of face-to-face depositions, they are certainly within their prerogative to notice such depositions. See Chiu v. Au, No. 3:03-CV-1150, 2005 WL 2452565, at *4 (D. Conn. Sept. 30, 2005) ("No plaintiff has the freedom to refuse to appear for a deposition just because a telephone deposition is feasible. In-person depositions are the norm, and the defendants are well within their rights to insist on having an opportunity to depose the plaintiff face-to-face."). Although Judge Waxse did not specifically weigh the possibility of remote depositions, his order reflects an overall consideration of the benefits and burdens of taking depositions in this matter. Given the broad nature

---

[4] Plaintiffs argue that videotape would preserve the nonverbal aspects of the remote depositions, but this benefit can be gained by videotaping face-to-face depositions as well.

of Judge Waxse's discretion on this issue, the deferential standard of review which the Court applies and the fundamental right of defendants to notice face-to-face depositions, the Court finds no clear error in Judge Waxse's ruling.

Even if plaintiffs have demonstrated that certain alternatives may be cost effective, this alone is not reason enough for the Court to set aside Judge Waxse's order.  As the parties seeking protection from discovery, plaintiffs bear the burden to demonstrate "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); Renfro v. Spartan Computer Servs., Inc., No. 06-2284-KHV-DJW, 2008 WL 474253, at *1 (D. Kan. Feb. 19, 2008) (moving party must make specific demonstration of fact that protective order is necessary).  Plaintiffs have not done so in this case.

In his order, Judge Waxse determined that a centralized location and condensed schedule for taking plaintiffs' depositions best served the goal of just and efficient adjudication.  The Court wholeheartedly agrees with Judge Waxse.  The condensed schedule permits each of the nine representative plaintiffs to give a deposition within a three-day period.  In light of the ambitious scheduling order to which the parties agreed, this aspect of the deposition schedule is particularly important. See Manual for Complex Litigation (Fourth) § 11.454 (2004) ("[T]o meet discovery deadlines it may be necessary to conduct depositions on a multitrack basis, with depositions of several different witnesses being taken at the same time in one or more locations.").  The Court has already extended the discovery deadline once, and permitting piecemeal depositions only runs the risk of continued bickering over details which might further delay class certification discovery, as well as other matters which depend on the completion of that discovery.  Without a centralized location for deposing plaintiffs, the condensed schedule simply would not be possible.

As noted above, the Court controls discovery for the purpose of promoting overall efficiency

for all parties and counsel. To that end, the Court is satisfied that requiring plaintiffs to appear in Kansas City for their depositions serves as an efficient solution to the completion of class-based discovery. Under these circumstances, the Court finds no clear error in Judge Waxse's order and plaintiffs' motion for review is therefore overruled. Because the Court overrules the motion for review, plaintiffs' motion for stay is moot and is overruled as such.

**IT IS THEREFORE ORDERED** that Plaintiffs' Rule 72.1.1(a) Motion To Review The Magistrate Judge's Order Of March 4, 2008, And To Set Aside The Same (Doc. #42) filed March 11, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Stay Magistrate's Order Pending Review (Doc. #43) filed March 11, 2008 be and hereby is **OVERRULED as moot**.

Dated this 17th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge