IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: THE TJX COMPANIES, INC., FAIR   )
AND ACCURATE CREDIT TRANSACTIONS  )
ACT (FACTA) LITIGATION   )
)   MDL No: 1853
(This Document Relates to All Cases)   )
)   Case No: 07-md-1853-KHV
_____)

## MEMORANDUM AND ORDER

Under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), plaintiffs bring this putative class action against The TJX Companies, Inc. and several of its subsidiaries. This matter comes before the Court on Defendant's Motion To Dismiss Or, In The Alternative, For A More Definite Statement (Doc. #40) filed March 6, 2008, and Plaintiffs' Motion For Leave To File Supplemental Memorandum In Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For A More Definite Statement (Doc. #60) filed April 29, 2008. For reasons stated below, the Court overrules the motions.[1]

## Factual Background

Plaintiffs' consolidated complaint is summarized as follows:[2]

Plaintiffs are residents of various states who have used credit or debit cards to engage in consumer transactions at defendants' retail stores after December 4, 2006. In the course of these transactions, plaintiffs received printed receipts which include the expiration dates of their credit or

---

[1] The parties seek oral argument on the motion to dismiss. Oral argument is granted at the discretion of the Court. D. Kan. Rule 7.2. Here, the Court does not believe that oral argument will materially assist in the disposition of the motion to dismiss. Accordingly, the parties' request is overruled.

[2] For purposes of the multidistrict litigation, plaintiffs' individual actions have been consolidated into one complaint which generally describes their claims. See Plaintiffs' Consolidated Class Action Complaint (Doc. #17) filed January 11, 2008.

debit cards, in violation of FACTA.

At the time of the violations, defendants knew that federal law prohibited them from printing expiration dates on customer receipts. Congress enacted FACTA in 2003 and included a three-year grace period for retailers to comply with its terms. Several years prior to FACTA's effective date of December 4, 2006, major credit card companies and other payment processing companies informed defendants of FACTA's regulations concerning printed expiration dates. Well before the effective date, the credit card companies also devised and implemented policies which required retailers to comply with FACTA.

Despite knowledge of FACTA's regulations and the importance of removing expiration dates from printed receipts, defendants "knowingly, willfully, intentionally, and recklessly violated and continue to violate FACTA's requirements by . . . printing the expiration date upon receipts provided to the cardholders with whom they transact business." While many retailers have readily complied with FACTA regulations, defendants refused to program their registers so that expiration dates of credit and debit cards are not included on printed receipts.

## Analysis

Enacted in 2003 as an amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., FACTA prohibits retailers who accept credit or debit cards from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Section 616 of FCRA prescribes civil penalties for willful noncompliance with its provisions (including FACTA) in pertinent part as follows:

> Any person who willfully fails to comply with any requirement imposed under [FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the

failure or damages of not less than $100 and not more than $1,000[.]

15 U.S.C. § 1681n(a)(1)(A). Recently, the Supreme Court explained that willful violations of FCRA include both knowing and reckless violations. See Safeco Ins. Co. of Am. v. Burr, 127 S. Ct. 2201, 2208-09 (2007). Reckless violations are those which occur under a reasonable reading of FCRA's terms and show that defendants "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 2215.

Defendants argue that the Court should dismiss the complaint for failure to sufficiently allege willful violations of FACTA. In the alternative, defendants argue that the Court should require plaintiffs to provide a more definite statement of the willful conduct underlying their claims.

**I.   Defendants' Motion To Dismiss**

Defendants seek dismissal of plaintiffs' consolidated complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. For purposes of the motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiffs. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiffs' entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiffs need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved). In other words, plaintiffs must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face. Bell Atl. Corp., 127 S. Ct. at 1974.[3]

---

[3]   Plaintiffs assert that dismissal is proper only if they can prove no set of facts in
(continued...)

Defendants argue that plaintiffs have not alleged willful violations of FACTA because mere knowledge of the statute and other retailers' compliance with its terms are not sufficient to show knowing or reckless noncompliance. This argument is unpersuasive. The complaint alleges that defendants recognized their statutory duty to limit the information which appeared on customer receipts, but intentionally ignored that duty and refused to take steps to comply with FACTA regulations. The complaint suggests that defendants' noncompliance was the result of more than a mere careless reading of FACTA. When taken as true, plaintiffs' allegations state a plausible claim for willful violations of FACTA. See Ramirez v. Midwest Airlines, Inc., 537 F. Supp.2d 1161, 1169 (D. Kan. 2008) (citing Safeco Ins. Co., 127 S. Ct. at 2208) (reckless disregard of statutory duties renders FACTA violation willful). In fact, plaintiffs' allegations are typical of FACTA claims,[4] and courts have almost uniformly rejected the argument that such allegations do not sufficiently allege willful violations of the statute. See, e.g., Ramirez v. MGM Mirage, Inc., 524 F. Supp.2d 1226, 1233 (D. Nev. 2007); Follman v. Hospitality Plus of Carpentersville, Inc., 532 F. Supp.2d 960, 962-63 (N.D. Ill. 2007); Iosello v. Leiblys, Inc., 502 F. Supp.2d 782, 784-85 (N.D. Ill 2007); Ehrheart v.

---

[3](...continued)
support of their claims which would entitle them to relief. This standard, originally taken from Conley v. Gibson, 355 U.S. 41, 45-46 (1957), no longer controls the application of Rule 12(b)(6). See Bell Atl. Corp., 127 S. Ct. at 1969 ("after puzzling the [legal] profession for 50 years, this famous observation has earned its retirement"). Recently, the Tenth Circuit confirmed that Bell Atlantic Corp. rejected Conley's "no set of facts" language. See Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

[4]   In Korman v. Walking Co., 503 F. Supp.2d 755 (E.D. Pa. 2007), the court considered a FACTA claim which alleged that (1) Congress had given defendants three years to comply with the statute, (2) credit card companies had notified defendants of FACTA's requirements, and (3) most of defendant's peers and competitors had already complied with the statute. See id. at 757. The court noted that the allegations, "while simple, mirror the allegations in numerous complaints recently filed throughout the country and readily withstand a motion to dismiss." Id. at 756-57.

Lifetime Brands, Inc., 498 F. Supp.2d 753, 756 (E.D. Pa. 2007);[5] see also Lopez v. Gymboree Corp., No. C 07-0087 SI, 2007 WL 1690886, at *2 (N.D. Cal. June 9, 2007); Clark v. Marshalls of MA, Inc., No. CV 06-8135 ABC (Shx), 2007 WL 1100412, at *1 (C.D. Cal. Mar. 12, 2007).

Defendants' memoranda attach two unpublished decisions involving FACTA claims: King v. Movietickets.com, No. 07-22119 (S.D. Fla. Feb. 13, 2008), and Howard v. Hooters of Houston, No. H-07-3399 (S.D. Tex. Apr. 5, 2008). Defendants argue that these decisions support their contention that plaintiffs have not sufficiently alleged willfulness. The Court does not find these cases helpful. In King, the court dismissed plaintiff's FACTA claim because defendant – an online ticket broker – had not provided him a printed receipt. In dicta, the court noted that plaintiff had made only conclusory allegations of willfulness, but gave little explanation on this point. In Howard, the court dismissed plaintiff's FACTA claim for insufficient allegations of willfulness without actually summarizing the complaint. From these opinions, the Court cannot meaningfully test the sufficiency of plaintiffs' allegations in this case.

In light of the overwhelming weight of authority which suggests that the complaint sufficiently alleges willful violations of FACTA, the Court overrules defendants' motion to dismiss for failure to state a claim.[6]

---

[5] Defendants' suggestion that Bell Atlantic Corp. somehow undermines this weight of authority is without merit. Each of the cases applied the plausibility standard set forth in that decision. See Ramirez, 524 F. Supp.2d at 1229; Follman, 532 F. Supp.2d at 962; Iosello, 502 F. Supp.2d at 783-84; Ehrheart, 498 F. Supp.2d at 755. Korman also applied Bell Atlantic Corp. on the motion to dismiss. 503 F. Supp.2d at 758-59.

[6] Plaintiffs seek leave to supplement their briefing with a recent decision which addresses the sufficiency of FACTA allegations. In light of the Court's ruling, further authority in plaintiffs' favor is not necessary. Accordingly, the Court overrules plaintiffs' motion for leave to file a supplemental memorandum.

**II.     Defendants' Motion For More Definite Statement**

In the alternative to their motion to dismiss, defendants seek a more definite statement of the willfulness allegations which support plaintiffs' claims. Under Rule 12(e), Fed. R. Civ. P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepared a response." Motions for more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response. Advantage Homebuilding, LLC v. Assurance Co. of Am., No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004) (citing Resolution Trust Corp. v. Thomas, 837 F. Supp. 254, 355 (D. Kan. 1993)). The critical question is whether the allegations are sufficiently specific to enable a responsive pleading in the form of an admission or denial. Id.

Defendants argue that they are entitled to know the factual basis of plaintiffs' allegations that they willfully violated FACTA. Because plaintiffs' willfulness allegations are subject only to liberal notice pleading standards, see Fed. R. Civ. P. 9(b) (fraud and mistake must be stated with particularity; conditions of mind may be alleged generally), defendants are entitled only to the most basic allegations which state a claim for relief. As explained above, plaintiffs have sufficiently alleged willful violations of FACTA, and defendants will obviously be able to admit or deny these allegations. Accordingly, the Court overrules defendants' alternative motion for more definite statement.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Or, In The Alternative, For A More Definite Statement (Doc. #40) filed March 6, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave To File Supplemental Memorandum In Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For A More Definite Statement (Doc. #60) filed April 29, 2008 be and hereby is **OVERRULED**.

Dated this 8th day of May, 2008 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge