IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: THE TJX COMPANIES, INC. FAIR          )
AND ACCURATE CREDIT TRANSACTIONS             )
ACT (FACTA) LITIGATION                       )
                                             )          Case No. 07-1853-KHV
This Document Relates to All Cases           )
_____)

## ORDER

Pursuant to Fed. R. Civ. P. 37(a), this case comes before the court on defendants'
motion to compel (**doc. 27**).  Plaintiffs have filed a response (doc. 32).  Defendants have not
filed a reply.  The court is now ready to rule.

I.  Background

In this multidistrict litigation, plaintiffs bring a punitive class action against The TJX
Companies, Inc. and several of its subsidiaries under the Fair and Accurate Credit
Transaction Act ("FACTA"), 15 U.S.C. § 1681, *et seq.*  Plaintiffs are residents of various
states who have used credit or debit cards to engage in consumer transactions at defendants'
retail stores after December 4, 2006.  In the course of these transactions, plaintiffs allegedly
received printed receipts which include the expiration dates of their credit or debit cards, in
violation of FACTA.  Plaintiffs allege that at the time of the violations, defendants knew
federal law prohibited them from printing expiration dates on customer receipts, however,
they "knowingly, willfully, intentionally, and recklessly violated and continue to violate
FACTA's requirements by . . . printing the expiration date upon the receipts provided to the

cardholders with whom they transact business."[1]

On January 2, 2008, Hon. David J. Waxse, the presiding U.S. Magistrate Judge at that time,[2] held a scheduling conference and, subsequently, entered the scheduling order (doc. 18). Judge Waxse established a March 11, 2008-deadline for completion of all class certification discovery. He also established May 18, 2008 as the deadline for plaintiffs to file their class certification motion, with the response due June 1, 2008, and the reply due June 15, 2008. The instant motion was filed on February 12, 2008. The response was filed on February 25, 2008. On May 19, 2008, plaintiffs filed their motion to certify the class (doc. 62). By order dated May 29, 2008 (doc. 67), the court granted the parties' joint motion (doc. 66) extending the deadline for filing the response to the class certification motion to June 23, 2008, and the reply to July 7, 2008.

## II.   Analysis and Discussion

Defendants seek responses to Document Request Nos. 1, 3-6, 14-19, 21, 23, 24, and 28, and Interrogatory No. 6. Defendants assert this class certification discovery seeks information concerning three categories of information, that is: 1) whether plaintiffs were "consumers" within the meaning of FACTA when they entered into the underlying alleged transactions at defendants' stores; 2) plaintiffs' relationships with counsel; and 3) plaintiffs' purported injuries.

---

[1] Plaintiffs' Consolidated Class Action Complaint (doc. 17), at 8.

[2] On April 25, 2008, this case was transferred to the undersigned U.S. Magistrate Judge, James P. O'Hara, for all further pretrial proceedings (*see* doc. 59).

1.      "Consumers" Within the Meaning of FACTA

<u>Request Nos. 1 & 3-6</u>

Request No. 1 seeks "[a]ll documents concerning any transaction you [plaintiffs] have had at any time with the Defendants, including, without limitation, all receipts you have received from Defendants."  Plaintiffs object to this request as overly broad and seeking irrelevant information.  Without waiving their objections, plaintiffs state they will provide each of their receipts that they allege failed to conform with FACTA and which form the basis for these actions.

The court finds Request No. 1 is impermissibly broad as it seeks *all* documents, including receipts, concerning *any* transactions plaintiffs have *ever* had with the defendants. Plaintiffs' objection on this ground is sustained.  The court, therefore, need not address plaintiffs' relevancy objection.  The court will not require any further response by plaintiffs.

Request No. 3 seeks "[a]ll documents concerning the transactions giving rise to any receipts from Defendants that you [plaintiffs] allege failed to conform with FACTA and that formed the basis for the Actions."  Plaintiffs object to this request as overly broad and vague. Without waiving their objections, plaintiffs state they will provide each of their receipts they allege failed to conform with FACTA and which form the basis for these actions.

The court finds Request No. 3 is impermissibly broad and vague.  Plaintiffs' objections on these grounds are sustained.  The court will not require any further response by plaintiffs.

Request No. 4 seeks "[a]ll documents concerning the purchases giving rise to any

receipts from Defendants that you [plaintiffs] allege failed to conform with FACTA and that formed the basis for the Actions, including, without limitation: (a) documents identifying the item purchased; and (b) documents concerning the intended use, actual use, and any disposition of the item purchased." Plaintiffs object to this request as overly broad, seeking irrelevant information, and seeking information protected by plaintiffs' right to privacy. Without waiving their objections, plaintiffs state they will provide each of their receipts they allege failed to conform with FACTA and which form the basis for these actions.

The court finds Request No. 4 is broad, however, not impermissibly so.  As to plaintiffs' objection that the information sought may invade their privacy, this reason by itself is insufficient to make the discovery objectionable.[3]  Since there has been a protective order entered in this case (doc. 30), this type of information could be designated "confidential" and produced subject to the protective order.  The court, however, must first determine whether the information sought is relevant.

Relevancy, of course, is broadly construed for pretrial discovery purposes.  Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the claim or defense of any party."[4]  "A request for discovery should be allowed 'unless it is clear that the information

---

[3] *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 668 (D. Kan. 2005) (citing *Mackey v. IBP, Inc.*, 167 F.R.D. 186 (D. Kan. 1996)).

[4] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (citations omitted).

sought can have no possible bearing' on the claim or defense of a party."[5]

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[6]

The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[7]   "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[8]

Defendants argue the requested information is directed to the issue of whether plaintiffs were "consumers," who can assert claims under FACTA, or commercial purchasers, who cannot.  Plaintiffs argue that the only distinction made by FACTA is it provides remedies to "individuals," not corporations.   Therefore, the only relevant information is whether the cardholder is an individual or other legal entity.  Plaintiffs state that, notwithstanding their objections, they have offered to provide information as to whether the items purchased were for resale.

---

[5] *Id.* at 689-90 (citations omitted).

[6] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[7] 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008, at 99 (2d ed. 1994).

[8] *Mackey*, 167 F.R.D. at 193.

The court finds the detailed information sought by this request does not appear relevant, and defendants have failed to establish the relevancy.  Plaintiffs' objection on this ground is sustained.  The court will not require any further response by plaintiffs.

Request No. 5 seeks "[a] copy of all credit or debit card statements reflecting the purchases giving rise to any receipts from Defendants that you [plaintiffs] allege failed to conform with FACTA and that formed the basis for the Actions."  Plaintiffs object to this request as overly broad, seeking irrelevant information, and information protected by plaintiffs' right to privacy.

This request is broad, however, the court finds there may be *some* information contained within the requested credit or debit card statements that may be relevant to matters related to class certification.  The court, therefore, directs plaintiffs to provide copies of the credit or debit card statements reflecting the purchases at issue, with all unrelated information redacted, to defendants by **June 27, 2008**.  The documents responsive to this request may be designated "confidential" and produced subject to the protective order which has been entered in this case.

Request No. 6 seeks "[a]ll documents concerning the credit or debit cards you [plaintiffs] used in any transaction giving rise to any receipts from Defendants that you allege failed to conform with FACTA and that formed the basis for the Actions."  Plaintiffs object to this request as overly broad, seeking irrelevant information, and information protected by plaintiffs' right to privacy.  Without waiving their objections, plaintiffs state they would provide each of their receipts they allege failed to conform with FACTA and which form the

basis for these actions.

The court finds this request is impermissibly broad and therefore, clearly seeks irrelevant information. Plaintiffs' objections on these grounds are sustained. The court will not require any further response by plaintiffs.

2.      Information Relating to Relationships with Counsel

Interrogatory No. 6 & Request Nos. 21 & 24

Interrogatory No. 6 requests a detailed description of "the terms of any oral agreement, retainer agreement, retention agreement, fee agreement, contingency fee agreement, or any oral or written agreement or understanding regarding the terms and scope of your [plaintiffs'] participation in the Actions or your lawyer's representation of you in the Actions." Request No. 21 seeks the corresponding documents.

Plaintiffs object to Interrogatory No. 6 and Request No. 21 on the grounds they seek information protected by the attorney-client privilege. Defendants argue the factual circumstances surrounding the attorney-client relationship are not privileged and, therefore, subject to production. Defendants also argue that fee agreements are generally not privileged.

The court initially agrees with defendants that fee agreements are generally not privileged.[9] However, while not raised by defendants, the court finds the more important issue is whether plaintiffs waived the attorney-client privilege by failing to comply with the

---

[9] *See ERA Franchise Sys., Inc. v. N. Ins. Co. of N.Y.*, 183 F.R.D. 276, 279-80 (D. Kan. 1998).

requirements of Fed. R. Civ. P. 26(b)(5)(A), which provides:

> When a party withholds information . . . by claiming that the information is privileged . . . , the party *must*: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim (emphasis added).

The law is well-settled that, if a party fails to make the required showing by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived.[10] Of course, minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding a waiver.[11]

There has been *no* evidence presented that plaintiffs ever produced a privilege log with regard to the subject discovery requests. Even if plaintiffs believed the information sought was clearly privileged, they were still obligated under Fed. R. Civ. P. 26(b)(5)(A) to provide a privilege log. As stated in *Haid v. Wal-Mart Stores, Inc.*, "the question whether materials are privileged is for the court, not the defendant [in this case, plaintiffs], to decide, and the court has the right to insist on being presented with sufficient information to make

---

[10] *Employers Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003) (citing *Haid v. Wal-Mart Stores, Inc.*, No. 99-4186, 2001 WL 964102, at *2 (D. Kan. June 25, 2001) (affirming the decision by the undersigned magistrate judge that the defendant had waived its attorney-client privilege by failing to provide a privilege log as required by Fed. R. Civ. P. 26(b)(5))); *Starlight Int'l, Inc. v. Herlihy*, No. 97-2329, 1998 WL 329268, at *3 (D. Kan. June 16, 1998)).

[11] *See Heavin v. Owens-Corning Fiberglass*, No. 02-2572, 2004 WL 316072, at *1 (D. Kan. Feb. 3, 2004).

that decision."[12]  The court finds any claim of privilege plaintiffs may have asserted has been waived.

Defendants also argue that plaintiffs waived any objection they might have had based on relevancy since they did not assert this objection in their initial response.  Plaintiffs argue the waiver rules do not apply to requests for production under Fed. R. Civ. P. 34.  Plaintiffs also argue that, on February 19, 2008, they provided supplemental objections which included the objections to the requests on relevance grounds, and therefore, "there is no prejudice whatsoever to Defendant and good cause supports excusing any inadvertent waiver with respect to this information that the Tenth Circuit clearly does not intend to be produced in a class action."[13]

The court finds plaintiffs' argument contrary to the well-established case law in this district, as well as other districts.[14]  That is, while Rule 34[15] does not contain the same

---

[12] 2001 WL 964102, at *2.

[13] Plaintiffs' Opposition to Defendants' Motion to Compel (doc. 32), at 3.

[14] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996); *Starlight Intern., Inc.*, 181 F.R.D. at 496; *Essex Ins. Co. v. Neely*, 236 F.R.D. 287, 289 (N.D.W. Va. 2006); *Drexel Heritage Furnishing, Inc. v. Furniture USA, Inc.,* 200 F.R.D. 255, 259 (M.D.N.C. 2001); *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 189 (D.D.C. 1998).

[15] Rule 34(b)(2)(B)-(C) provides: "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. . . . An objection to part of a request must specify the part and permit inspection of the rest."

specificity and waiver provisions as Rule 33,[16] all grounds for objections to a request for production under Rule 34 must be specifically stated in a timely response or they are waived.[17]  The court also rejects plaintiffs' argument that any waiver of this objection was inadvertent or somehow excused since "the Tenth Circuit clearly does not intend [such information] to be produced in a class action." Plaintiffs shall provide a complete answer to Interrogatory No. 6 and produce all documents responsive to Request No. 21 to defendants by **June 27, 2008**.  This discovery may be designated "confidential" and produced subject to the protective order which has been entered in this case.

Request No. 24 seeks "[a]ll documents, including without limitation any engagement letter, retainer letter, retention agreement, fee agreement, or contingency fee agreement, setting forth the terms and scope of your [plaintiffs'] participation in the Actions or any lawyer's representation of you in the Actions."  Plaintiffs object on the grounds the information sought is privileged and irrelevant.

For the reasons stated above, any claim of privilege plaintiffs may have asserted has been waived.  As to their relevancy objection, the court finds the information sought appears relevant.  Plaintiffs have not shown the requested information has no possible bearing on any matter relating to class action certification. Plaintiffs shall produce all documents responsive to Request No. 24 to defendants by **June 27, 2008**.  The documents responsive to this request

---

[16] Rule 33(b)(4) provides: "Any ground not stated in a timely objection is waived unless the court, for good cause shown, excuses the failure."

[17] *Pulsecard, Inc.*, 168 F.R.D. at 303.

may be designated "confidential" and produced subject to the protective order which has been entered in this case.

    <u>Request Nos. 19, 23 & 28</u>

    Request No. 19 seeks "[a]ll documents concerning your [plaintiffs'] decision to file the Complaint or other complaints alleging violations of the Fair and Accurate Credit Transactions Act of 2003, and retain counsel for such purpose." Plaintiffs object on the grounds the request seeks privileged information, including information protected by the attorney-client privilege.

    For the reasons stated above, any claim of privilege plaintiffs may have asserted has been waived. Plaintiffs shall produce all documents responsive to this request to defendants by **June 27, 2008**. The documents responsive to this request may be designated "confidential" and produced subject to the protective order which has been entered in this case.

    Request No. 23 seeks "[a]ll documents concerning your [plaintiffs'] involvement at any time in any other court proceedings on behalf of a class or punitive class of similarly situated persons." Plaintiffs object to this request on the grounds it seeks privileged information, including information protected by the attorney-client privilege. Plaintiffs argue the documents sought by this request, even to the extent they are not privileged, are a matter of public record and equally available to defendants. Plaintiffs also argue this request is over broad to the extent it seeks each and every document "concerning" the proceeding and, therefore, production of the documents would be oppressive and burdensome. Without

waiving their objections, plaintiffs state they will produce the Class Action Complaint for Damages in each such case, to the extent it exists.

The court finds this request is impermissibly broad.  Plaintiffs' objection on this ground is sustained.  The court will not require any further response by plaintiffs.

Request No. 28 seeks "[a]ll documents concerning your [plaintiffs'] relationship with counsel in the Actions."  Plaintiffs argue this request is vague as to the term "relationship" and seeks information protected by the attorney-client privilege.  Defendants argue this information is relevant to whether plaintiffs can adequately represent the interests of the putative class members and that class representation is superior to individual adjudication. Defendants also argue plaintiffs here are mainly "serial plaintiffs," in that nine putative class representatives have filed at least twenty FACTA cases, and three of the most litigious plaintiffs, Clark, Ivanova, and Ramirez, are represented by the same counsel in all of the other FACTA cases they have brought.  Defendants argue that class certification has been denied in at least two other FACTA cases based on inadequacy of the class presentation stemming from a close relationship with the plaintiff law firm, among other reasons.

For the reasons stated above, any claim of privilege plaintiffs may have asserted has been waived.  Further, given the defendants' above-referenced explanation as to why the documents are being sought, the court finds the term "relationship" as used in this request is not vague.  Plaintiffs shall produce all documents responsive to this request to defendants by **June 27, 2008**.  The documents responsive to this request may be designated "confidential" and produced subject to the protective order which has been entered in this

case.

3.     Information Relating to Purported Injuries

Request Nos. 14-18

Request No. 14 seeks "[a]ll documents concerning any damage claimed by you [plaintiffs] in the Actions and all documents concerning any efforts to mitigate such damage." Plaintiffs object to this request as overly broad, seeking irrelevant information, and information protected by plaintiffs' right to privacy.  Plaintiffs also claim they are not seeking actual damages in this case, but rather only statutory damages.

Defendants argue they will oppose class certification in this case by asserting that class treatment is not superior to individual adjudication because defendants' anticipated liability for statutory damages would be completely out of proportion to any actual harm suffered by plaintiffs.  Defendants argue that without reasonable discovery into any actual injury or damage, it will be impossible for the court to determine whether class treatment is superior or is merely one possible form of action without any meaningful point of comparison.

The court initially finds this request is not over broad.  The court also finds the information sought appears relevant to the issue of class certification.  Therefore, plaintiffs shall produce all documents responsive to this request to defendants by **June 27, 2008**.  The documents responsive to this request may be designated "confidential" and produced subject to the protective order which has been entered in this case, *only* if such designation is warranted.

O:\ORDERS\07-1853-KHV-27.wpd                                    -13-

Request No. 15 seeks "[a]ll documents concerning any false or fraudulent transaction you [plaintiffs] have identified at any time regarding any credit or debit card you have used." Request No. 16 seeks "[a]ll documents concerning any instance of identity theft you [plaintiffs] have experienced at any time."  Request No. 17 seeks "[a]ll documents concerning any credit monitoring service to which you [plaintiffs] have subscribed at any time."  Request No. 18 seeks "[a]ll documents concerning any credit or debit card which you [plaintiffs] have lost or that was stolen at any time."  While not specifically objecting to these requests on the grounds of relevancy, plaintiffs have responded to each of these requests stating they do not seek actual damages in this case, only statutory damages.

The court finds the documents sought by these requests do not appear relevant, and defendants have failed to establish their relevancy.  Therefore, defendants' motion is denied as to these requests.

### III.  Order

In consideration of the foregoing,

IT IS HEREBY ORDERED that defendants' motion to compel (**doc. 27**) is granted in part and denied in part.

Dated this 12th day of June 2008, at Kansas City, Kansas.


  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge